UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.   CASE NO. 2:08-cr- 63 -FtM- 34DNF

PELL BROS., INC., d/b/a CAPTAIN
PELL'S FAIRFAX CRAB HOUSE

## PLEA AGREEMENT

A. **Particularized Terms**

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Robert E. O'Neill, United States Attorney for the Middle District of Florida, and the defendant, Pell Bros., Inc., d/b/a Captain Pell's Fairfax Crab House, and the attorney for the defendant, Harold M. Stevens, mutually agree as follows:

1. Count Pleading To

The defendant shall enter a plea of guilty to Count One of the Information. Count One charges the defendant with Knowingly Transporting Fish or Wildlife which was Possessed, Transported, and Sold in Violation of the Laws and Regulations of the State of Florida, in violation of the federal Lacey Act, that is, Title 16, United States Code, Section 3372(a)(2)(A), and Section 3373(d)(2), and Title 18, United States Code, Section 2.

2. Maximum Penalties

Count One is punishable by a term of probation of not more than five

Defendant's Initials _RDP_

years, a fine of not more than $200,000, or twice the gross pecuniary gain or twice the gross pecuniary loss, whichever is greater, and a special assessment of $125, which assessment defendant agrees to pay on the day of sentencing. With respect to certain offenses, the Court shall order the defendant to make restitution to any victim of the offense, and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offenses, or to the community, as set forth below.

3. Sentencing Guidelines

The parties agree and understand that the advisory United States Sentencing Guidelines relating to the sentencing of organizations (Chapter Eight) apply here, except to the extent that the provisions relating to the calculation and imposition of fines for wildlife crimes do not apply to the offense charged in the Criminal Information.

4. Elements of the Offense

The defendant acknowledges understanding the nature and elements of the offense with which defendant has been charged and to which defendant is pleading guilty. The elements of Count One are:

First: That fish or wildlife was possessed, transported or sold in violation of a law or regulation of the State of Florida, as charged;

Second: That in the exercise of due care, the defendant should have known that the fish or wildlife had been possessed, transported or sold in some illegal manner; and

Third: That the defendant knowingly transported the fish or wildlife in interstate commerce.

5. No Further Charges

If the Court accepts this plea agreement, the United States Attorney's

Defendant's Initials _ROP_      2

Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6.  Acceptance of Responsibility

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will not oppose the defendant's request to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7.  Sentence Recommendations

In accordance with Fed. R. Crim. P. 11(c)(1)(B), the United States and

Defendant's Initials _RDP_           3

Pell Bros., Inc., d/b/a Captain Pell's Fairfax Crab House, agree that the following sentence is appropriate and reasonable, and should be imposed in this case. Additionally, the parties jointly agree that neither shall allocute or argue a position with respect to sentencing contrary to the undertakings of this agreement:

    A.    A criminal fine in the amount of $50,000.00 to be paid at the time of sentencing pursuant to the Magnuson-Stevens Act into the NOAA National Marine Fisheries Service, Fisheries Enforcement Fund.

    B.    A term of probation of two years.

        1.    As a condition of and during the term of probation, the parties agree that the defendant shall permit, upon reasonable notice, NOAA National Marine Fisheries Service to have access to and be permitted to inspect the business records of the defendant pertaining to the acquisition, possession, purchase, sale, or transport of any fish and wildlife.

    C.    The participation of the United States in the joint recommendations set forth above are conditional upon the terms of this agreement. The defendant understands that these recommendations or requests are not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

9.    <u>Corporate Defendant</u>

The undersigned corporate officer or representative of the defendant hereby certifies that he is authorized by the defendant corporation to act on its behalf, to plead guilty to the charge alleged in the Information, and to enter into this plea agreement, and that a corporate resolution so empowering said officer or

Defendant's Initials _RDP_        4

representative has been duly made and approved by said corporation. Said defendant corporation either has implemented or will, by the time of sentencing, implement an effective program to prevent and detect violations of law, which program shall require the exercise of due diligence, requiring at a minimum that the corporation take the steps set forth in USSG §8B2.1. The defendant corporation further agrees that such a program may be made a special condition of probation, should the Court determine that a sentence of probation is appropriate.

**B.    Standard Terms and Conditions**

    1.    Restitution, Special Assessment

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, shall order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offenses, pursuant to 18 U.S.C. § 3663 or § 3579, including restitution as to all counts charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. On each count to which a plea of guilty is entered, the Court shall impose a special assessment, to be payable to the Clerk's Office, United States District Court, and due on date of sentencing.

    3.    Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information,

Defendant's Initials _RDP_    5

including the totality of the defendant's criminal activities, if any, not limited to the count to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

2. Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and

Defendant's Initials _RJP_            6

acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

3. Appeal of Sentence-Waiver

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

4. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the

Defendant's Initials _RDP_     7

will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel, defendant's answers may later be used against defendant in a prosecution for perjury or false statement.

7.   Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth below are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt:

FACTS

Pell Bros., Inc., d/b/a Captain Pell's Fairfax Crab House, is a Virginia Corporation, which, among other things, engaged in the interstate transportation of blue crabs from Fort Myers, Florida, to Fairfax, Virginia, for use in the restaurant, Captain Pell's Fairfax Crab House. William Pell was the President of Pell Bros., Inc. prior to his death on September 11, 2004; after that date, Madeline Pell assumed that position. Daniel Pell is the son of the William and Madeline Pell.

From approximately May 2003, to September 2004, in Lee County, in the Middle District of Florida, defendant Pell Bros, Inc., purchased blue crabs from commercial fisherman without procuring the proper Wholesale Saltwater Products Dealer's License, in violation of Florida Statutes, Section 370.07(1), and without making, keeping, and submitting Marine Fisheries Trip Tickets (or an approved alternate form) to the proper authorities for each purchase of blue crabs, in violation of Florida Statutes, Section

Defendant's Initials *RDP*                             9

370.07(6), and Florida Administrative Code, Section 68E-5.002(1)(a), and Section 68E-5.003(1). The defendant also transported the blue crabs within the State of Florida to the airport and shipped the blue crabs to Virginia without the proper documentation required by Florida Statutes, § 370.07(4)(a), namely bills of lading, or other similar instruments showing the number of packages, boxes, or containers and the number of pounds of blue crabs and the name, physical address, and the Florida wholesale dealer number of the dealer of origin.

Daniel Pell was a recruiter, who took an active role in soliciting deliveries by his fellow blue crab fishermen of blue crabs to the Pell Brother's Inc., warehouse in Fort Myers, Florida. In this capacity, Daniel Pell would offer above-market prices for the blue crab in unreported cash transactions. Since the Wholesale Saltwater Products Dealer's Licenses had expired for both William Pell and Daniel Pell several years before (William Pell's WD-5791 expired 6/30/2000, Daniel Pell's WD-6976 expired 6/30/2001), in the exercise of due care, the defendant, Pell Bros., Inc. should have known that the blue crabs were possessed, transported and sold in violation of and in a manner unlawful under the laws and regulations of the State of Florida. Pell Bros, Inc. then knowingly transported the blue crabs in interstate commerce from Fort Myers, Florida, to Fairfax, Virginia. US Airways shipping documents show that during the period May, 13, 2003, through September 2004, there were approximately 120 shipments in interstate commerce of more than 80,000 pounds of blue crab, with a market value exceeding $125,000, from Pell Brothers, Inc. in Fort Myers to "Pell Brothers" or "Fairfax Crab House" in Virginia.

Defendant's Initials *RDP*                    10

8. Entire Agreement

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

9. Certification

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this 1st day of May, 2008.

ROBERT E. O'NEILL
United States Attorney

_____
VICE-PRES.
Corporate Officer or Representative
of Defendant

By: _____
JEFFREY F. MICHELLAND
Assistant United States Attorney

_____ 4/24/8
HAROLD M. STEVENS
Attorney for Defendant

By: _____
DOUGLAS MOLLOY
Assistant United States Attorney
Chief, Fort Myers Division

11